Hancock v. Beasley.

---

[No. 1151.   August 28, 1907.]

JAMES F. HANCOCK, Appellee, v. GEORGE R. BEAS-
LEY and AUSTIN BEASLEY, Appellants.

SYLLABUS (BY THE COURT).

1. Findings of fact of the trial Court will not be disturbed by this Court where they are based upon substantial evidence to sustain such findings.

2. A motion for a new trial upon the ground of newly discovered evidence, is properly overruled where such motion is not accompanied by affidavits showing that the evidence claimed to have been discovered would probably change the result of the trial and failing to show that such evidence

could not have been produced at the trial with due diligence.

3. Evidence admitted without objection cannot be complained of as error, where no motion is made to strike it, even though it might have been rejected if objection had been made at the time.

Appeal from the District Court for Dona Ana county before FRANK W. PARKER, Associate Justice. Affirmed.

MOORE & PAXTON, for Appellant.

"The existence of a partnership can not be proved by reputation." Session Laws of 1899, Chap. 33, secs. 11 and 28, pp. 76 and 82; Waldo v. Beckwith, 1 N. M. 115; Earl v. Hurd, 5 Blackf. 248.

If there be no substantial evidence upon the side of the verdict it is the duty of the appellate court to set it aside. Sullivan v. Susong, 36 S. C. 287, 31 Am. St. Rep. 868; Texas Loan Agency v. Fleming, (Tex.) 44 L. R. A. 283; Ophir Silver Mining Co. v. Carpenter, 4 Nev. 534, 97 Am. Dec. 558; Baca v. Fulton, 3 N. M. 357; Territory v. Webb, 2 N. M. 157; Waldo v. Beckwith, 1 N. M. 107; Ruhe v. Abreu, 1 N. M. 249-254; Stamm v. Albuquerque, 10 N. M. 504.

If newly discovered evidence is material and applicant could not have discovered it with reasonable diligence, common justice demands that he should have the benefit of it. State v. Carr, 21 N. H. 166, 53 Am. Dec. 181; State v. Stowe (Wash.) 14 L. R. A. 612; Myers v. Brownell, 2 Aikens (Vt.) 407, 16 Am. Dec. 732-733; Mo. Pac. Ry. Co. v. Lovelace, (Kan.) 45 Pac. 593.

E. A. CHAFFEE, for Appellee.

When there is legal evidence bearing upon a point the finding of the jury, or court, sitting in place of the jury is conclusive and will not be disturbed.

A party applying for a new trial upon the ground of newly discovered evidence must make a strong case, both in respect to diligence on his part in preparing for the trial and as to the truth and materiality of the newly discovered evidence and that too, by the best evidence which

can be obtained. Hillard on N. T., p. 116, note 3, 519 sec. 38, notes 3 and 5, 492, 493, 494, note a, 503, 504; Shall-haus v. Ball, 29 Calif. 608; Rogers v. Hule, 1 Cal. 433; Hayne, N. T. and A., secs., 84, 86-90; Hobler v. Cole, 49 Cal. 250; Mark v. Galzhaenser, 50 Cal. 631; 3 Cal. 57; Stokes v. Monroe, 36 Cal. 388; 22 Cal. 596; 24 Cal. 515; 34 Cal. 516; 35 Cal. 43; 27 Cal. 43; 47 Cal. 204; Crafts v. Union, etc., 36 N. H. 44; More v. Philadelphia Bank, 5 S. & R. 41; 2 Binn 582; People v. Sackett, 14 Mich. 320; Mc-Lain v. Lawson, 25 Iowa 277; 2 Nev. 47; 21 Texas 737; 1 Wash. Ter. 23; 1 Sandf. 195; 1 Green 177; People v. Superior Court, 5 Wend 114; 10 Wend 285; Herber v. State, 7 Texas 69; Commonwealth v. Renish, Thacher's Criminal Cases 684; Gardner v. Gardner, 2 Gray 246; Ford v. Tilly, 2 Stalk 653; Hammond v. Wadhams, 5 Mass. 353; Sarah v. State, 28 Ga. 576; Schlinecher v. Risley, 3 Scam 483; Ham v. Taylor, 22 Texas 225; Jennings v. Loring, 5 Ind. 250; Pleasant v. The State, 8 Eng. 360; Cozart v. Lisle, 1 Meigs 65; Madden v. Shepard, 3 Texas 49; Suggs v. Anderson, 12 Geo. 461.

If there be any evidence tending to prove all of the facts necessary to prove to establish plaintiff's case, this court has no power to reverse the court below. Hayne, sec. 117, citing Matur v. Brown, 1 St. Calif. 222; also 23 Calif. 593.

When one without authority of law comes into possession of another's property and exercises any act of ownership, it is a conversion. Morrill v. Moulton, 40 Vt. 242; Webbs Pollock on Torts, 435, 437 m; 40 Vt. 242, 611; 112 Mo. 386; 20 S. W. R. 566; 49 Ohio St. 489; 32 N. E. R. 476; 63 Vt. 186; 23 Ill. App. 308; 83 Me. 234; 22 At. R. 101; 64 N. H. 102; 6 At. R. 35; 45 N. J. L. 515; 89 Ind. 240.

Where the statute absolutely fixes a time within which an act must be done, it is peremptory, and the act cannot be done at any other time. Hayne, sec. 257, page 770, citing 57 Calif. 503.

"The party offering evidence is entitled to have the

particular portion of the evidence objected to pointed out and the specific grounds stated." Conway v. Carter, 11 N. M. 430; Hayne, secs, 98, 103, 104, 107, 280; Covilland v. Turner, 7 Calif. 36, 38; 48 Calif. 354; 8 Calif. 574; 14 Calif. 222; 16 Calif. 535; 20 Calif. 600; 45 Calif. 194; 58 Calif. 336; Hillard on New Trials, page 433, sec. 54; 16 Calif. 307; 23 Calif. 60; Hayne, page 291, citing Roberts v. Chan Tin Pen, 23 Calif. 264; Yates v. Smith, 40 Calif. 669.

## OPINION OF THE COURT.

MANN, J.—This cause was tried before Honorable Frank W. Parker, of the Third Judicial District in the District Court of Dona Ana county, a jury having been waived by both parties as is shown by an order appearing on page 7 of the record, so that the first, third and fourth assignments of error, which question only the findings of fact of the trial court, may be disposed of under one general head, viz: whether there was any substantial evidence to support such findings, it being well settled by this court that when there is any substantial evidence to support findings of fact made by the Trial Court this court will not disturb such findings. The numerous cases in which this rule has been adhered to by this court are cited by Mr. Justice Parker in the opinion of the court in Candelaria v. Miera, 84 Pac. 1020.

These assignments complain of the findings of the Trial Court that the defendant, George R. Beasley, converted to his own use one hundred and twenty-five head of Angora goats branded, some with a cross and some with a bar C of the property of appellee and in rendering judgment accordingly. Counsel on either side quote at great length in their briefs, from the evidence of the various witnesses which is quite voluminous and need not be set out here, but while there is a conflict in the testimony, that offered on behalf of appellant tending to contradict that offered by the appellee, yet we cannot say that the Trial Court erred in finding for the appellee, in fact we think he was fully justified in so doing, even from the bare record of the transcript of the evidence and how

much stronger such evidence may appear to one who sees the living witnesses, notes their manner of testifying, their apparent candor while upon the witness stand, and the numerous other elements entering into the question of their credibility, we cannot ascertain.  Burden of proof cannot be measured accurately from a transcript of questions and answers, experience teaches us that demeanor of witnesses, their known credibility or otherwise, may have great bearing upon the words employed by them in testifying.

The second assignment of error by appellant, is "That the court erred in not granting a new trial on the ground of newly discovered evidence of James M. McDugal for the reasons set forth in defendant's motion for a new trial and affidavits in support thereof."

"Applications for new trials because of newly discovered evidence are looked upon by the courts with distrust. In the absence of statute, or when a statute expressly provides for what causes a new trial will be granted and newly discovered evidence is not one of them, no new trial will be granted on this ground."  12 Cyc. 734 and cases cited.

This court has laid down rules under which a new trial may be granted on the grounds of newly discovered evidence in Territory v. Claypool and Lueras, 11 N. M. 568, as follows :

"The rule of law is, that a new trial will not be granted on a mere showing that new evidence has been discovered.  Newly discovered evidence, in order to be sufficient, must fulfill all the following requirements, to-wit:

1.   It must be such as will probably change the result if a new trial is granted.

2.   It must have been discovered since the trial.

3.   It must be such as could not have been discovered before the trial by the exercise of due diligence.

4.   It must be material to the issue.

5.   It must not be merely cumulative to the former evidence.

6.   It must not be merely impeaching or contradictory to the former evidence."   See also 12 Cyc. 734; Berry v. State, 10 Ga. 511; Howard v. State, 36 Fla. 21, 17 So. 84; 14 Enc. Pl. & Pr. 791-792.

Hancock v. Beasley.

Compared by these rules, which have been adopted almost universally by the courts of this country as the true measure of an application for a new trial on the ground of newly discovered evidence, it will readily appear that the Trial Court was not in error in overruling the motion for a new trial. The affidavits of McDugal and Graham attached to the motion only tend to contradict the testimony of Hancock as to the number of goats counted in McDugal's herd in the pitchfork brand, and it does not appear that the evidence alleged to have been discovered would change the result of the trial. In point of fact, the Trial Court sitting as a jury upon the questions of fact involved, heard the affidavits and by overruling the motion held, in effect, that no such result would ensue, even though the witnesses appeared before him and gave oral testimony to the same effect. Nor does the bare statement that Appellant could not with due diligence have discovered and produced the evidence at the trial suffice, he should state that such facts were not within his knowledge or that of his counsel at the time of the trial, and that he did not know and could not apprehend that these witnesses might be material witnesses in his behalf. On the contrary it appears from the testimony of both appellants that they knew of the purchase of a part of the Phillip's goats by McDugal, at least by hearsay. (pp. 81 and 101 Record.)

It is urged in the 5th and 6th assignments of error that the court erred in admitting parol evidence of the ownership of the goats in evidence, by allowing the proof of appellee's brands by parol instead of requiring the certificate of the record of the brands.

In Territory v. Smith, (N. M.) 78 Pac. 42, this court held that where title to animals, the subject of larceny, is sought to be established by brand, a certificate of the recorded brand must be shown under Sec. 67 of the Compiled Laws of 1897, and that under the peculiar circumstances of that case defendant did not waive the omission of offering such certificate by failing to object to the questions calling for the oral testimony at the time they were propounded, but in that case, at the close of

Mogollon G. & C. Co. v. Stout.

the evidence offered by the Territory, the defense moved to strike the oral testimony offered as to the brands and it was then held that such motion was not too late to save the right. In the case at bar it is conceded by Appellant's counsel that no objection was made to the introduction of the oral evidence of Hancock's ownership, by reason of the brands to which he testified, nor does any motion to strike it appear in the record.

The statutory method of proving ownership by the brand certificate, was therefore waived by appellant. 3 Jones on Evidence, Sec. 898; 4 Elliott on Evidence, Sec. 3217.

We see no error in the record, and the judgment of the court below is affirmed.