(No. 1680, November 28, 1914.)

STATE OF NEW MEXICO, Appellee, vs. JESUS GONZALES, et al., Appellants.

SYLLABUS BY THE COURT.

1. It is well settled in this jurisdiction, that a party, who intends to assign error upon an instruction given by the court of its own motion, or upon request of the adverse party, must either tender to the court an instruction which correctly states the law, and except to the refusal to give such instruction, or, he must, by his exception to the proposed instruction call the attention of the trial court specifically to the error in the instruction proposed to be given, in order that the instruction may be corrected and the error avoided.

P. 469

2. Ordinarily the verdict of a jury will not be disturbed in the appellate court when it is supported by any substantial evidence P. 470.

3. Declarations of a party, other than the defendant, which formed no part of the res gestae, are not admissible in evidence in behalf of a defendant, although they may relate to the admission of the party that he committed the offense with which the defendant stands charged.

P. 470

4. Where a party asks for a new trial on the ground of newly discovered evidence, he must show that such evidence could not have been discovered prior to the trial by the exercise of due diligence. P. 471

Appeal from District Court, Chaves County; John T. McClure, Presiding Judge. Affirmed.

O. O. ASKREN, J. C. GILBERT, for Appellants.

Reasonable doubt  33 N E. 681; 73 N W. 744.

Verdict contrary to weight of evidence. Am. Dig. Cent. Ed., Vol. 15, Col. 130, Sec. 2297, Col. 134 Sec. 2298; 9 Pac. 42; Am. Dig. Dec. Ed. Vol. 6, Sec. 935; 53 S. E. 767, 493; 1st N. M. 247; 2 S. W. 857; 6 N. M. 464, 490.

Granting new trials on newly discovered evidence. 11 N. M. 568; 71 Pac. 163; 86 Pac. 433; 22 S. E. 274, 546; 39 S. E. 884; 16 Pac. 705; 26 °S. W. 406; 39 S. W. 680; 32 So. 915; 53 S. W. 689; 32 So. 920; 99 N. W. 125; 69 S. W. 517; 8 S. W. 426; 59 N. E. 408; 81 Pac. 1092; 42 N. W. 1131; N. Y. Supp. 386; 19 So. 146; 7 Mo. Rep. 267; 11 Tex. App. 283; 11 S. W. 485; 12 S. W. 740; 18 S. W. 864; 14 N. M. 239; 13 N. M. 19-25; 1 N. H. 247; 6 N. M. 173; 8 N. M. 7; L. 1907, 116, Par. 38; Kearney's Code 1846, Par. 14; 1 N. M. 147, 150.

IRA L. GRIMSHAW, for Appellee.

Court did not err in giving instruction on reasonable doubt. R., pp. 111, 112; 17 N. M. 666, 682.

Verdict not contrary to evidence. 104 N. C. 737; 115 NN. C. 746; 133 N. C. 643; 156 N. C. 643; 133 Fed. 293; 179 Fed. 373, 374; 48 Oreg. 357.

Court did not err in refusing to grant new trial. R., p. 117; 14 Cent. Digest Sec. 981; 1 Whart. Cr. Ev. p. 452; 9 Tex. App. 571; 65 Ga. 199; 9 Ala. 990; 54 Ala. 138; 96 Ala. 92; 55 Mo. 460; 118 Mo. 92; 23 Hun. 454; 68 N. C. 154; 82 N. C. 602; 88 N. C. 632; 116 Mo. 288; 14 N. M. 239, 243; 9 N. M. 526; 13 N. M. 59.

Supplemental Brief Of Appellee.

Court did not err in giving instruction on reasonable doubt. R. pp. 115, 116; 11 N. M. 301; 15 N. M. 240; 16 N. M. 40, 700; 17 N. M. 666.

Instruction on reasonable doubt properly stated law. 53 Neb. 310, 431, 438; 60 Neb. 628; 48 W. Va. 325; 114 Pa. 300.

Sufficiency of evidence cannot be attacked by appellants. 14 N. M. 147, 159.

## OPINION.

ROBERTS, C. J.—Appellants were tried and convict-ed of discharging a pistol within the limits of a settlement in Chaves County. Error is predicated on three grounds, which may be stated as follows:—

(1) The court erred in giving instruction number ten to the jury.

(2) The verdict is contrary to the evidence.

(3) A new trial should have been granted on the ground of newly discovered evidence.

By the tenth instruction the court undertook to define "reasonable doubt." The defendant excepted to this in-struction in the following language:

"Defendants except to instruction numbered ten for the reason that the same does not clearly, concisely and ac-curately state the law in defining reasonable doubt; that said instruction is ambiguous, misleading and contrary to law."

It is well settled in this jurisdiction, that a party who intends to assign error upon an instruction given by the court of its own motion, or upon request of the adverse party, must either tender to the court an instruction which correctly states the law, (Territory vs. Gon-zales, 11 N. M. 301; Territory vs. Leslie, 15 N. M. 240; Territory vs. Pettine, 16 N. M. 40; Territory vs. Trapp. 16 N. M. 700) and except to the refusal to give such instruc-tion, or he must, by his exception call the attention of the court specifically to the error in the instruction proposed to be given, in order that the instruction may be corrected and the error avoided. (Territory vs. Lobato, 17 N. M. 666; James vs. Hood, 19 N. M. 234). The above exception, it will be noted, fails to point out specifically the error in the instruction. It is true it is stated that the instruction does not clearly, concisely and accurately state the law in defining reasonable doubt, but wherein it fails in this re-gard is not set forth. It is also stated that the instruction is ambiguous, misleading and contrary to law, but under the rule above stated counsel should have pointed out spe-cifically wherein such instruction was misleading, ambigu-ous and contrary to law. Having failed to take proper ex-ceptions to this instruction, appellants cannot avail them-

selves here of claimed defects, not called to the attention of the trial court.

As to the second assignment it is sufficient to say that the evidence was conflicting. Two witnesses who testified for the State identified the defendants as the men who fired the shots within the settlement, at the time specified in the indictment. The defendants both attempted to prove an alibi. The jury preferred to believe the evidence offered by the State. Ordinarily, the verdict of a jury will not be disturbed in this court when it is supported by any substantial evidence. Candelaria vs. Miera, 13 N. M. 360; Territory vs. West, 14 N. M. 546. The verdict in this case is supported by substantial evidence, hence there is no merit in this assignment.

In their motion for a new trial, appellants allege that since the rendition of the verdict they have learned that Jose la Riva had a conversation with one Jose Garcia, wherein the latter told the former that he, Jose Garcia, had fired the shots "which the defendants were charged with having fired", and, that if granted a new trial the defendants would prove that Jose Garcia fired the shots which defendants are charged with having fired. And the motion for a new trial also states that another witness would testify that Garcia told him that he, Garcia, fired the shots in question. The motion was supported by the affidavit of Riva, in which was set forth the conversation had by him with Garcia, in which he stated that he had fired the shots, for which the defendants in this case were being prosecuted.

On this branch of the case it is sufficient to say that statements made by Garcia to the effect that he fired the shots could not have been properly admitted as evidence on the trial. It was only hearsay and inadmissible.

Declarations of a party other than the defendant, which formed no part of the *res gestae,* are not admissible in evidence in behalf of the defendant, although they may relate to the admission of the party that he committed the offense with which the defendant stands charged. 1 Wharton Crim. Evid. 452; Holt vs. State, 9 Tex. App. 571; Daniels vs. Georgia, 65 Ga., 199; Smith vs. State, 9

Ala. 990; Welsh vs. State, 96 Ala. 92; State vs. Hack, 118 Mo. 92.

Such evidence being inadmissable, it follows that the court committed no error in denying the motion for a new trial on this ground.

Appellants filed a supplemental motion for a new trial on the ground of newly discovered evidence, wherein they alleged that Pedro Barrera fired the shots that defendants were convicted of having fired, and that if a new trial were granted he would so testify. This motion was supported by the affidavit of Barrera, wherein he stated that he fired the shots in question. The motion and affidavit are defective, however, in that there is no showing by defendants that the evidence of this witness could not have been discovered before the trial by the exercise of reasonable diligence.

"The rule of law is, that a new trial will not be granted on a mere showing that new evidence has been discovered. Newly discovered evidence, in order to be sufficient, must fulfill all the following requirements, to-wit:

1.  It must be such as will probably change the result if a new trial is granted.

2.  It must have been discovered since the trial.

3.  It must be such as could not have been discovered before the trial by the exercise of due diligence.

4.  It must be material to the issue.

5.  It must not be merely cumulative to the former evidence." Hancock vs. Beasley, 14 N. M. 239.

Testing the motion by the third rule above stated, admitting that it complies with all the other rules, the court committed no error in denying it, for, there was a total failure to show that the evidence of this witness could not have been procured at the trial by the exercise of due diligence, and no showing in this regard was made, or attempted.

For the reasons stated, the judgment of the lower court will be affirmed, and, IT IS SO ORDERED.