## CLARK v. QUEEN INSURANCE CO.

### SYLLABUS BY THE COURT.

1. Where separate cases are consolidated for trial purposes only, by order of the court, and separate judgments

are rendered in each case, those several judgments cannot be reviewed in a single appeal or writ of error.

P. 370

2. Nonjurisdictional questions, raised for the first time on appeal, will not be considered.

P. 372

3. Assignments of error, not argued by appellant, will be deemed abandoned.

P. 372

4. A motion for new trial on ground of newly discovered evidence is properly denied where such newly discovered evidence is simply cumulative.

P. 373

Appeal from District Court, Santa Fe County; Mechem Abbott, Judge.

Separate actions by Elias Clark against the Queen Insurance Company and ten other insurance companies were consolidated for trial. Judgments for plaintiff, and each defendant appeals. Affirmed.

J. H. CRIST of Santa Fe and E. W. DOBSON of Albuquerque, for appellants.

A. B. RENEHAN and Edward R. WRIGHT, both of Santa Fe, for appellee.

### OPINION OF THE COURT.

PARKER, J.—Eleven separate cases were filed by Elias Clark in April, 1915, in the district court of Santa Fe county, against eleven different fire insurance companies, in each of which damages were sought to be recovered on certain policies of fire insurance, written by each respective company, held by Clark. Before issue was joined in each of said cases, the court, upon application of Clark, entered an order consolidating all of said cases for trial. The trial thereof resulted in the rendition

of separate verdicts and judgments against each insurance company in a stated amount, from which judgments each insurance company was granted an appeal to this court. Eleven separate bonds of supersedeas were filed. The transcript of record filed in this court, as well as the other proceedings taken herein by the insurance companies, is entitled "Elias Clark v. Queen Insurance Company, Defendant, Consolidated Cause No. 8403." The transcript contains the record proper of the eleven separate cases, the verdicts of the jury, and other matters not necessary to detail. After this transcript was filed in this court, said cause being docketed as No. 1962 herein, Clark presented three copies each of ten skeleton transcripts and moved that those ten cases be docketed and the judgments therein be affirmed with 10 per cent. damages for frivolous appeals. These motions to docket and affirm are based upon the theory that the eleven separate cases filed by Clark in the trial court were consolidated for purposes of trial only, and each appellant therein, having failed to perfect its appeal within the time required by law, is severally in default. The contention is made that this single appeal perfected by the insurance companies is insufficient to review the eleven separate judgments rendered in the trial court. In case No. 1962, wherein the Queen Insurance Company is named "defendant," an abstract of record and brief for appellant have been filed, and the appellee has moved to dismiss the appeal thereon for various reasons; chief among them being that the said abstract and the assignments of errors are defective.

[1] The order of consolidation made by the trial court, in so far as it is material hereto, is in the following words:

"It is therefore ordered that the above-entitled causes Nos. 8403 to 8413, inclusive, and each and every one of them, be, and they are hereby consolidated to be tried as one cause, and to be hereafter known and designated as cause No. 8403. * * *"

No doubt this order was made under the provisions of section 4212, Code 1915. A mere casual reading of the

order will disclose that it provided for a consolidation of the eleven cases for trial only, and made no pretense of consolidating the said cases for all purposes. It is evident that counsel for the insurance companies have inadvertently misconstrued the meaning of the order, for they have treated it as though the eleven cases were consolidated for all purposes and as though the consolidated cause displaced the eleven separate cases. Under such misapprehension, they have perfected one appeal, by which they seek to review the judgments rendered in the eleven separate cases. The question then arises as to whether the eleven separate judgments can be reviewed in the one appeal. That it cannot be done where the consolidation in the trial court was limited to the trial of those cases is established beyond doubt. In Mobile Imp. & Building Co. v. Stein, reported in 17 Ann. Cas. 288, et seq. (158 Ala. 113, 48 South. 368), six separate cases, by agreement, were consolidated for trial. Six separate verdicts and judgments were rendered and one appeal perfected to review those several judgments. The court, citing authority, held that the judgments in the six separate causes could not be reviewed on one transcript where such causes had been consolidated in the trial court for trial purposes only. Appended to that case will be found a note wherein many cases of similar import are collected, the doctrine in those cases being that where separate cases have been consolidated and tried together by order of the court, or agreement of the parties, and separate judgments have been rendered, a single appeal or writ of error is insufficient to review all of such judgments. Whether the action of the insurance companies in this regard constitutes a mere irregularity or a jurisdictional defect is immaterial so far as these cases are concerned. The skeleton transcripts filed by Clark, wherein Norwich Union Fire Insurance Society, Limited, of Norwich and London, England; the Hartford Fire Insurance Company of Hartford, Conn.; The Northern Assurance Company, Limited, of London, England; Firemen's Fund Insurance Company of San Francisco, Cal.; Scottish Union & National Insurance Company, United

States, branch Hartford, Conn.; Aetna Insurance Company of Hartford, Conn.; Aachen & Munich Fire Insurance Company of Aix-la-Chapelle, Germany; Palatine Insurance Company, Limited, of London, England; Atlas Insurance Company, Limited, of London, England; and the Insurance Company of North America and the Fire Association of Philadelphia, of Philadelphia, Pa.—are defendants and appellants, disclose the default of said companies in the perfection of their several appeals to this court. Those cases will be docketed in this court, and the judgments therein, with costs, will be affirmed.. The motions of Clark, in this connection, for the assessment of 10 per cent. damages against each of the companies hereinabove named, for frivolous appeals, do not address themselves to this court as meritorious, and therefore that part of said motions will be denied.

[2] This leaves for our consideration case numbered 1962, Clark v. Queen Insurance Company. Ten grounds of alleged error are assigned therein. The first, second, and sixth assignments concern the admission of evidence in the trial court. The fourth and fifth are general statements that the verdict is contrary to the law and the evidence. The third is an attack on the action of the trial court in denying appellant's motion for new trial on the ground of newly discovered evidence. The eighth concerns the Atlas Insurance Company and the ninth and tenth instructions given by the court and the refusal of the court to give appellant's requested instruction No. 1. Only the question raised in the third assignment of error was presented to the trial court by the motion for a new trial. The other questions, not being jurisdictional, cannot be considered for the first time on appeal. In re Dexter-Greenfield Drainage Dist., 21 N. M. 286, 313, 154 Pac. 382; Murry v. Belmore, 21 N. M. 313, 318, 154 Pac. 705; Stalick v. Wilson, 21 N. M. 320, 324, 154 Pac. 708.

[3] Assignments of errors 9 and 10 are also not argued in appellant's brief, hence must be considered as abandoned. Brobst v. El Paso & Southwestern Co., 19 N. M. 609, 610, 145 Pac. 258.

[4] This leaves for our consideration only the question presented in the third assignment of error, viz., the action of the trial court in denying the motion for new trial on the ground of newly discovered evidence. Appellant, in this regard, refers in its brief to the testimony of Clara D. True, one of its witnesses. An examination of the record discloses that this witness testified to facts of the same character and tending to prove the same thing as this alleged newly discovered evidence would prove. In other words, the record discloses that this newly discovered evidence was but cumulative.

Therefore, under the authority of Hancock v. Beasley, 14 N. M. 239, 243, 91 Pac. 735, and State v. Gonzales, 19 N. M. 467, 471, 144 Pac. 1144, the motion was properly denied. The judgment of the trial court in the case of Clark v. Queen Insurance Company, numbered 1962 in this court, will therefore be affirmed. The motion of appellee for 10 per cent. damages for frivolous appeal will be denied, and it is so ordered.

ROBERTS, C.J., and HANNA, J., concur.