## KEY *v.* STATE OF INDIANA

[No. 29,296. Filed February 9, 1956.]

*John G. Bunner,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

LANDIS, J.—Appellant has taken this appeal from his conviction of second degree burglary for which he was sentenced for a period of two to five years. Error is assigned on the denial of appellant's motion for a new trial.

Appellant's first contention on this appeal is that the trial court erred in refusing to permit attorney Robert J. Hayes, a witness for appellant, to testify as to a conversation between Hayes and his client, Harold Zentmeyer. The conversation, according to the offer to prove, was one in which Zentmeyer, an accomplice, allegedly stated appellant was not guilty of the crime with which he was charged.

It is undisputed on this appeal that the only evidence connecting appellant with the commission of the crime was the uncorroborated testimony of the accomplice, Zentmeyer. On cross examination, Zentmeyer admitted making prior statements to his attorney, Hayes, to the effect appellant had nothing to do with the crime. When asked why he had made such prior inconsistent statements, he stated he didn't know.

At the trial, appellant called as a witness attorney Hayes, and attempted to question him concerning a prior statement made to him by the accomplice, Zentmeyer, as to appellant's innocence of the crime. Appellee's (The State's) objection to this testimony was sustained on the ground it was a privileged communication of attorney and client. Appellant contends this ruling was erroneous and prejudicial to him.

The confidential relationship of attorney and client was recognized at common law, and is now embodied in our statutes.[1]

It is well settled, however, that the confidential relationship of attorney and client is not absolute for all purposes, but is a privilege which belongs to the client, and the client alone, to claim or to waive; and where the client himself testifies concerning the privileged matter, he then waives the privilege. *Fluty* v. *State* (1947), 224 Ind. 652, 71 N. E. 2d 565;[2] *Oliver* v. *Pate* (1873), 43 Ind. 132;[3] *Bower's*

---

1. Acts 1881 (Spec. Sess.), ch. 38, §275, p. 240, being §2-1714, Burns' 1946 Repl.

"The following persons shall not be competent witnesses:

"Third. Attorneys, as to confidential communications made to them in the course of their professional business, and as to advice given in such cases."

2. "There can be no doubt, however, that when appellant took the witness stand and himself testified as to his recollections concerning the confidential communications between himself and his attorney, he thereby destroyed the confidential nature of the communications and by that act consented that the attorney might be a witness concerning the confidential matters that he, himself, had testified about." *Fluty* v. *State* (1947), 224 Ind. 652, 659, 71 N. E. 2d 565.

3. "The Appellant was a witness on the trial of the case, in his own behalf, and voluntarily testified to his communication to the attorney, which he claims was privileged. Did that remove the injunction of secrecy? The object of extending to him the privilege is, that his communications shall not be disclosed without his consent. It is a personal privilege, and if he makes the disclosure himself, and undertakes to tell what statement he made to his attorney, it ceases to be a secret. Having opened the door himself by testifying to what took place between himself and his counsel and to the communications between them, he has made it public and thus consented that the attorney may testify in relation to it. It is no longer a secret, any more than if the statement had been made to his attorney in the presence and hearing of others, and with the avowed purpose that it should be heard by them. In such a case it could not be said

*Admr.* v. *Brigges et al.* (1863), 20 Ind. 139; Wigmore on Evidence, 3d Ed., Vol. VIII, §2327, p. 630;[4] 58 Am. Jur., Witnesses, §526, p. 294;[5] Wharton's Criminal

that the communication was confidential, although made with the purpose of getting legal advice and to enable the attorney to give it. He would be asking advice on a public statement of facts. In *Parker* v. *Carter*, 4 Munf. 286, the court said that all communications made by a client to the attorney were to be regarded as confidential, 'unless, indeed, the client should seem to vaunt his disclosures to the public, and as it were, challenge the by-standers to hear them.'

"What we hold on the last question is this: If the party voluntarily testifies as a witness to confidential communications made to his attorney, he thereby destroys the privileged character of the communication and consents that the attorney may be a witness and testify in relation to the same communication, and state all that was said on that subject. We do not decide that he gives such consent by voluntarily testifying in the action generally. It is because he testifies and voluntarily discloses the confidential communication, that he waives the privilege and consents that the attorney may be a witness against him, and not because he testifies as a witness in the cause." *Oliver* v. *Pate* (1873), 43 Ind. 132, 142.

4. "The client's offer of his own or the attorneys' testimony as to a *specific communication* to the attorney is a waiver as to all other communications to the attorney on the same matter; for the privilege of secret consultation is intended only as an incidental means of defense, and not as an independent means of attack, and to use it in the latter character is to abandon it in the former.

"The client's offer of his own or the attorney's testimony as to a *part of any communication* to the attorney is a waiver as to the whole of that communication, on the analogy of the principle of Completeness (ante, §2113)." Wigmore on Evidence 3d Ed., Vol. VIII, §2327, (4) and (5), p. 633.

5. "While a client does not lose the benefit of the privilege where he is compelled, against his protest, to disclose confidential statements, if he voluntarily introduces testimony relating to such communications, his privilege may not thereafter be asserted. Thus, where he voluntarily testifies, as a witness, to confidential communications made by him to his attorney, he thereby waives the privileged character of such communications, and he and his attorney may then be fully examined in rela-

Evidence, 11th Ed., Vol. 3, §1236, p. 2098; Underhill's Criminal Evidence, 4th Ed., Niblack, §338, p. 649; 27 Ind. L. J., pp. 256, 264.

No contention is made by appellee (The State) that the client, accomplice Zentmeyer, was not aware of the privilege, and aware of the fact that he could, if he desired, claim the privilege. In fact, the evidence indicates the contrary

The exclusion by the court of the testimony of the witness, attorney Hayes, after the client had waived the privilege, was therefore erroneous. Appellee (The State), however, contends that if error was committed, it was harmless, as the evidence sought to be elicited from witness Hayes was already in evidence in the cause from the lips of witness Zentmeyer, who admitted on the stand, making the statements to Hayes; that the evidence could, therefore, have been only cumulative.

Before passing on the seriousness of this error, we recognize the well settled rule of law in this state, that a person may be convicted upon the uncorroborated testimony of an accomplice. *Ingram* v. *State* (1951), 230 Ind. 25, 29, 99 N. E. 2d 410. It is further well settled, however, that such testimony by an accomplice should be scrutinized carefully and admitted with caution. *Brewster* v. *State* (1917), 186 Ind. 369, 373, 115 N. E. 54; *Ayers* v. *The State* (1882), 88 Ind. 275, 276.

Appellee's contention of harmless error is similar to the position of the government in the case of *Gordon* v. *United States* (1953), 344 U. S. 414, 73 S. Ct. 369, 97 L. Ed. 447, where the accused was convicted of possess-

tion thereto. Any other rule would subject the lawyer to any kind of scurrilous and unjust attack, and convert the statute from being a mere shield into a weapon of offense. . . ." 58 Am. Jur., Witnesses, §526, p. 294.

ing goods stolen in interstate commerce, upon the testimony of an accomplice. The accomplice admitted making previous statements which did not implicate the accused, and the defense sought to introduce the prior statements, but they were excluded by the lower court. Mr. Justice Jackson who delivered the opinion reversing the conviction said:

> "The Government, in its brief, argues strongly for the widest sort of discretion in the trial judge in these matters and urges that even if we find error or irregularity we disregard it as harmless and affirm the conviction. We are well aware of the necessity that appellate courts give the trial judge wide latitude in control of cross-examination, especially in dealing with collateral evidence as to character. *Michelson* v. *United* States, 335 U. S. 469, 69 S. Ct. 213, 93 L. Ed. 168. But this principle cannot be expanded to justify a curtailment which keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony. Reversals should not be based on trivial, theoretical and harmless rulings. But we cannot say that these errors were unlikely to have influenced the jury's verdict. We believe they prejudiced substantial rights and the judgment must be reversed."

We do not believe the court's error in excluding the testimony of witness Hayes can be considered harmless, when the conviction could only rest on the crucial testimony of the accomplice sought to be attacked here by appellant. With this sole witness' credibility at stake, we cannot conclude appellant's substantial rights were not affected.

Appellant further complains that the action of the court in denying him a new trial on the ground of newly discovered evidence was erroneous. Appellant relies on the affidavit of a deputy sheriff and jailer at the Vanderburgh County Jail where witness Zentmeyer

was confined, such affidavit stating that witness Zentmeyer told the jailer that appellant:

> ". . . was not guilty of the burglary with which he was charged, but that he, Harold Zentmeyer, intended to testify against said Key, and to testify that said David M. Key did commit a burglary at Winstead's Tavern in Vanderburgh County, Indiana on the 2nd day of September, 1954, and that he, the said Harold Zentmeyer, intended to take said David M. Key with him to the penitentiary because said David M. Key had had dates with his (Harold Zentmeyer's) wife."

Appellant has attached his own affidavit to the motion for new trial, stating he did not learn of the jailer's information, set out above, until after his trial, conviction and sentence by the court. Appellee (The State) has not filed counter-affidavits or denied the facts set forth in appellant's affidavits, and we may therefore consider the facts alleged, to be true, for the purposes of the motion for new trial.

It is a matter within the sound discretion of the trial court to determine whether newly discovered evidence is sufficient to warrant the granting of a new trial. *Click* v. *State* (1950), 228 Ind. 644, 94 N. E. 2d 919. That discretion is subject to review, however, where contention is made that the same has been abused. *Hansen* v. *State* (1952), 230 Ind. 635, 106 N. E. 2d 226.

It is difficult to imagine more convincing new evidence than that offered in support of the instant motion for new trial, when a deputy sheriff, an officer of the court, stated witness Zentmeyer had told him before the trial that he intended, in effect, to commit perjury against appellant " . . . because appellant had dates with his wife."

Such newly discovered evidence indicating perjury on the part of the State's crucial witness, was a significant and startling revelation. It could very probably have produced a different result on the trial. We can only conclude that a motion for new trial, setting up said newly discovered evidence should be sustained, and that the court erred in overruling it. *Click* v. *State* (1950), *supra*, 228 Ind. 644, 94 N. E. 2d 919; *Linkenhelt* v. *State* (1944), 223 Ind. 44, 58 N. E. 2d 111.

The judgment of conviction is reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opion.

Achor, Arterburn and Emmert, JJ., concur.

Bobbitt, C. J., concurs in result.

NOTE.—Reported in 132 N. E. 2d 143.