342 P.2d 1080

STATE of New Mexico, Plaintiff-Appellee,

v.

Michael FUENTES, Defendant-Appellant.

No. 6550.

Supreme Court of New Mexico.

Aug. 12, 1959.

Frank B. Zinn, Atty. Gen., Hilton A. Dickson, Jr., Asst. Atty. Gen., for appellee.

MOISE, Justice.

Michael Fuentes, hereinafter referred to as defendant, was convicted of the crime of armed robbery. Upon being convicted he appealed to this Court for a review of the conviction. The conviction had been obtained after one Joseph Points, who had pleaded guilty to participation in this and three other robberies and was in jail awaiting sentence on all four charges, testified that he, Fuentes and another airman attached to Cannon Air Force Base had together perpetrated the robbery on the filling station located at Melrose. No other witness identified the defendant as being present at the time of the robbery, the robbers being masked and the victim being unable to see their faces.

The day after the appeal was filed in this Court one Lt. John W. McWhirter, Jr., an officer attached to the air base, spoke to Points in the jail at Clovis and at that time Points retracted his testimony concerning the defendant's participation in the crime, stating that defendant was along with him and his associat. on the evening of the crime but was . ot present when the crime was committed, did not know it was being committed and did not share in the loot. Thereafter, Points made an affidavit to the same effect, explaining that he had implicated the defendant because the defendant

Blythe & Norvell, Clovis, for appellant.

owed him $5 and had not paid it when asked for it, and further that the district attorney had advised him that he was calling in the F.B.I. to investigate possible connection of Points in two Dyer Act (18 U.S.C.A. § 2311 et seq.) violations and stating that his father had urged him to cooperate with the state and be a witness in the trial whereby any Dyer Act charges which might develop would be dropped.

It does not appear that defendant or his counsel, or anybody on his behalf, solicited the retraction from Points or the affidavit executed by him or that anybody spoke to him about it excepting Lt. McWhirter and the warden of the penitentiary. Both Points and the defendant are in the penitentiary but have been kept separate and apart and have had no opportunity to converse one with the other.

A motion was made in this Court for a new trial on the theory that upon the appeal being docketed here the trial court lost jurisdiction and this Court could grant a new trial or remand the case to the lower court so that the motion could be there considered. The affidavit of Lt. McWhirter was attached to the motion but no statement or affidavit from Points was included therewith. Upon consideration of the motion the same was denied without opinion as not being in proper form or sufficient. Thereafter, a motion for rehearing thereon was filed to which was attached the affidavit signed by Points, setting forth in some detail the facts as above related.

The questions presented for determination are (1) does this Court have power to grant a new trial or to remand the case to the district court so that the motion can there be considered, and (2) if so, do the facts as disclosed by the record present a proper case of newly discovered evidence to require the Court to grant a new trial or remand the case for consideration of a motion?

Early in the history of New Mexico three cases involving situations where new trials were sought (two being cases where prosecuting witnesses recanted) were given consideration by this Court. The first of these was United States v. Biena, 8 N.M. 99, 42 P. 70, in which the defendant was convicted of selling liquor to Indians and, thereafter, one of the witnesses for the prosecution confessed that he had sworn falsely when he stated that he had seen the defendant sell whiskey to an Indian. In that case a new trial was denied because it appeared that there were two additional witnesses who testified to the offense. The court points out that counsel for the United States admitted that the confession by the witness to the giving of false testimony and the subsequent conviction therefor destroyed his testimony completely but concluded that since there was other competent testimony connecting the defendant with the offense the judgment should be upheld.

The next case which should be noted is the case of Territory v. Pettine, 16 N.M. 40, 113 P. 843. In this case the defendant was charged with murder in the first degree. On the trial, witnesses for the prosecution testified to one state of facts and witnesses for the defendant to another. The prosecution produced a witness on rebuttal who testified that the defendant had stated to him that he intended to kill the deceased and two other men, which testimony was submitted to contradict defendant's testimony that he had killed in self-defense. After the defendant was convicted of second-degree murder a motion for new trial was made to which was attached an affidavit of the witness to the effect that the defendant had never made the statement testified to by the witness and that the witness had so testified because he was intoxicated and that upon sobering up he knew that he had testified falsely. Upon these facts being presented to the trial court by way of motion for a new trial, the same was denied. The Territorial Supreme Court affirmed this decision on the ground that the granting of new trials is discretionary and that the testimony complained of could not have affected the verdict since there was other evidence supporting the same.

This decision by the Territorial Supreme Court was appealed to the Circuit Court of Appeals, Eighth Circuit, which reversed the decision, stating that "in criminal cases where the life, or as in this case the liberty, of the defendant for the probable remainder of his natural life is at stake the courts of the United States in the exercise of a sound discretion may notice grave errors in the trial of a defendant although the questions they present were not properly raised in the trial court by request, objection, or exception," and held that it was an abuse of discretion not to grant a new trial under the circumstances present in that case. Pettine v. Territory of New Mexico, 201 F. 489, 497.

The decision was based upon the conclusion of the court that it could not be said with certainty that the defendant was not prejudiced by the admission of the perjured testimony and, accordingly, that failure to grant a new trial at which the false testimony would be excluded was an abuse of discretion by the trial court and constituted reversible error.

The third case of which particular note is made is the case of State v. Garcia, 19 N.M. 414, 143 P. 1012, 1014, in which the defendant was convicted of the crime of voluntary manslaughter and thereafter was denied a new trial after motion made, and upon appeal this Court first determined that since proper objections and exceptions had not been saved in the trial the court would not review the errors and since granting of new trials was discretionary with the trial court it could not say in the particular case that this discretion had been abused. However, upon motion for rehearing this conclusion was changed and it was determined that er-

ror had been committed in denying the new trial, the Court having the following to say:

"There exists in every court, however, an inherent power to see that a man's fundamental rights are protected in every case. Where a man's fundamental rights have been violated, while he may be precluded by the terms of the statute or the rules of appellate procedure from insisting in this court upon relief from the same, this court has the power, in its discretion, to relieve him and to see that injustice is not done."

The attorney general, on behalf of the state, argues that the court does not have power to grant a new trial, absent authorizing statutory authority, nor can it suspend the appeal and remand the case to the trial court for consideration of the motion, and further argues that it would establish a dangerous precedent to permit new trials when a witness recants his testimony.

On the first proposition he admits that in the case of State v. Mersfelder, 34 N.M. 465, 284 P. 113, 115, the Court indicated that in a proper case it might grant a new trial when it said:

"The present motion amounts to a motion for new trial made originally in this court. It is not our function to hear such motions. Ortega v. Ortega, 33 N.M. 605, 273 P. 925. If under any circumstances we should assume

the power, it must be upon a showing of necessity and of the impossibility of securing the relief in the regular course. This is not such a case. The principles thus well established are dictated by sound public policy, and by a due regard to the distinct functions of court and jury, of trial and appellate courts, and of the distinction between preserving and enforcing the legal rights of an accused person, and extending clemency to him. To deviate from these principles would open the door to abuse. We need not, and do not now, hold that these principles can in no case be relaxed. We are constrained to hold that they cannot be yielded upon the present showing." but argues that in the later case of State v. Trujillo, 54 N.M. 307, 224 P.2d 151, 155, this was modified to deny the right in the court to do so absent authorizing legislation. We do not agree with this appraisal of that case. It is true that in that case Chief Justice Brice states that the general rule is to this effect, and then quotes from State v. Mersfelder, supra, the language quoted above, and after analyzing the testimony relied on in the motion for a new trial concludes:

"If under any circumstances we would grant a motion for a new trial because of newly discovered evidence,

there must be stronger reasons for doing so than appear in this motion."

We do not understand this as holding that under proper circumstances this Court will not remand to the trial court a proper case for consideration of a motion for a new trial.

■ Orderly procedure, in our opinion, would require that the matter be handled in this manner. This being an appellate court the matter should first be passed upon by the trial court, and in order that this may be done, the case must be remanded to its jurisdiction. After determination of the issues presented in the trial court, this Court has the power to review in the regular course of events. See State v. Nicks, 131 Mont. 567, 312 P.2d 519; State v. Petrolia, 37 N.J.Super. 326, 117 A.2d 281, and note in 27 A.L.R. 1091. See, also, Angle v. United States, 4 Cir., 162 F. 264; Martin v. United States. 5 Cir., 17 F.2d 973, certiorari denied 275 U.S. 527, 48 S.Ct. 20, 72 L.Ed. 408; Levinson v. United States, 6 Cir., 32 F.2d 449, setting forth procedure in federal courts.

Concerning the argument that it would be dangerous to approve a rule which would permit convictions to be overturned by the ex parte affidavit of a witness to the effect that he had perjured himself on the trial, the case of State v. Henneman, 40 N.M. 166, 56 P.2d 1130, is cited. In that case

the court cites the notes in 33 A.L.R. 550 and 74 A.L.R. 757, and quotes at length from the case of People v. Shilitano, 218 N.Y. 161, 112 N.E. 733, L.R.A.1916F, 1044, wherein the Court of Appeals of New York points out the unreliable character of many witnesses to crimes of violence, and that testimony of such people is easily influenced, and holds as stated in the A.L.R. notes mentioned above that generally a defendant is not entitled to a new trial as a matter of right just because a witness recants and admits to perjury. In the quotation from the Shilitano [218 N.Y. 161, 112 N.E. 735] case is the following language from People v. Tallmadge, 114 Cal. 427, 46 P. 282:

"It cannot be said that, as a matter of law, a new trial should be granted whenever an important witness against the defendant shall make an affidavit that he committed perjury in his testimony; if that were so, justice would be defeated in many grave cases. * * * We have no doubt that a case might arise where an important witness had afterward testified to having committed perjury, in which this court would hold, looking at the whole case, that a new trial ought to have been granted."

We quote at some length from Powell v. Commonwealth, 133 Va. 741, 112 S.E.

657, 660, being the case reported in 33 A.L. R. 541, as follows:

"It appears from the decisions on the subject that the newly discovered evidence which is considered as falling within the condemnation of the rule just mentioned (that the evidence must go to the merits of the case and not be merely impeaching) is confined to testimony to the bad character of the witness, or which tends to impeach the witness by disproving facts to which he has testified, by means of evidence of other inconsistent facts (Thompson's Case, 8 Grat., Va., 637; Brugh v. Shanks, 5 Leigh, Va., 598; Brown v. Speyers, 20 Grat., Va., 296; Read's Case, 22 Grat., Va., 924; Cody v. Conly, 27 Grat., Va., 313; Gillilan v. Ludington, 6 W.Va. 128, 145; State v. Betsall, 11 W.Va. 703; Hall v. Lyons, 29 W.Va. 410, 422, 1 S.E. 582; Carder v. Bank of West Virginia, 34 W.Va. 38, 41, 11 S.E. 716; Bloss v. Hull, 27 W.Va. 503; Livingston v. Hubbs, 3 Johns.Ch. 124); or which consists merely in showing inconsistent statements of the witness made prior to the trial and not under oath (Shields v. State, 45 Conn. 266; Arwood v. State, 59 Ga. 391); or merely the bias of the witness (Com. v. Waite, 5 Mass. 261; Hammond v. Wadhams, 5 Mass.

353; Com. v. Drew, 4 Mass. 391; State v. Carr, 21 N.H. 166, 53 Am.Dec. 179); and the general rule is that a new trial will not be granted where the newly discovered evidence is of any of the kinds mentioned. This is declared by the authorities to be a rule of policy, intended to secure care and vigilance and prevent parties from coming forward subsequently with evidence which close investigation would have disclosed at the time; for it is said that a failure of justice in a particular instance is not so great an evil as that there should be no certain end to litigation. 1 Barton, Ch.Pr. 46, 47. But where the newly discovered evidence consists of statements of the witness himself unquestionably made and made after the former trial, under circumstances which repel the idea that they are collusive, that is, designed to furnish ground for the motion for a new trial, and the statements, if true, are sufficient to show that the verdict was based on mistaken or perjured testimony, a different situation is presented; and the weight of authority seems to be in favor of the view that such evidence is not within the category of evidence which falls within the condemnation of the aforesaid rule, but goes to the entire destruction of the

evidence on which the verdict was founded, by showing that it was based on mistake or perjury; so that, in reality, because of this, the case has never been tried on its merits, and hence such newly discovered evidence goes to the merits of the case; so that in such a case a new trial should be granted."

We quote further from the same case where the Court had the following to say:

"It is further true, however, that even within the narrow limits of the class of cases in which, by the weight of authority, a new trial should be granted for after-discovered evidence of mistake or perjury, the courts act with great reluctance and with special care and caution. The courts properly require that it shall be made to appear affirmatively that the new evidence tending to show the mistake or the perjury beyond question exists, and is not a mere matter of belief or opinion, before they will grant the relief in such cases. Where the ground is perjury, the old rule was that the witness must appear of record to have been convicted of the perjury, or his death must have rendered conviction impossible, before it could be regarded as good ground for the new trial. 20 R.C.L. § 80, p. 300. The modern rule is not so strict. By the preponderance of authority it seems to be sufficient if the court has evidence before it which establishes the existence of the evidence relied on to show the perjury or mistake in such a clear and convincing manner as to leave no room for doubt as to the existence of the evidence so relied on, and the court is satisfied that the evidence is not collusive, that it seems to be true, and ought, if true, to produce on another trial an opposite result on the merits."

We should point out also that an examination of many of the cases cited in the note following this case and in the note in 74 A.L.R. 957 in support of the "general rule" to the effect that courts generally "will not grant a new trial on statements by a witness after a criminal trial tending to show that his testimony was perjured, whether the witness himself makes oath to the statement or not" discloses that they are cases where the evidence was merely cumulative and there was sufficient evidence to sustain the conviction after the perjured testimony was excluded as was true in United States v. Biena, N.M., supra, and in Brown v. State, 143 Ark. 523, 222 S.W. 377; Little v. State, 161 Ark. 245, 255 S.W. 892 (See decision in Roath v. State, 185 Ark. 1039, 50 S.W.2d 985, holding that a new trial should have been granted where sole witness connecting defendant to the offense recanted);

60

or cases where under the particular facts there present it was determined a new trial was not indicated, but pointed out that in a proper case, a new trial should be granted, People v. Tallmadge, Cal., supra; People v. Shilitano, N.Y., supra; or cases which deny right to a new trial upon recantation where court was not satisfied as to truth of the affidavit when other evidence in the case pointed to the truthfulness of the evidence given from the stand as in People v. Marquis, 344 Ill. 261, 176 N.E. 314, being the case reported in 74 A.L.R. 751 (See People v. Heinen, 300 Ill. 498, 133 N.E. 232, where court denying new trial was reversed under different facts); or cases where after trial the witness gave one affidavit recanting and another reaffirming, and the court merely held that to deny new trial under these circumstances was not abuse of discretion and that defendant was not entitled to a new trial as a matter of right, as in Blass v. People, 79 Colo. 555, 247 P. 177. We would say that generally these cases are distinguishable on these or other grounds. It would serve only to unduly lengthen this opinion to further point out these distinctions.

■ We are of the opinion that we have inherent power to prevent miscarriages of justice in a proper case by remanding the case to the trial court with instructions that the defendant be permitted to file a motion for a new trial upon the ground of newly discovered evidence. This is such a case.

We believe it. is clear that recognizing the unreliable character of the witnesses, as well as the dangers inherent in considering their affidavits admitting perjury, nevertheless in certain circumstances it must be asserted that the court will act to guarantee a full and fair hearing to a convicted defendant, and to prevent a miscarriage of justice. State v. Garcia, supra; State v. Armijo, 35 N.M. 533, 2 P.2d 1075, 1080.

■ This is. true even though a defendant is not entitled to a new trial as a matter of right as stated above. Neither do we consider that by what we are saying that we are taking from the court and placing in the hands of a recanting witness the power to determine when a new trial shall be granted. As stated in State v. Armijo, supra, "proper adherence to principle requires that the power be guardedly exercised and that the duty be performed only in a case where it is plainly presented."

■ A motion for new trial will be permitted to be filed where, as here, it is done promptly, and there is no evidence connecting defendant to the crime excepting the testimony of an accomplice who has recanted, when the testimony is not merely cumulative or corroborative, where the evidence has become available since the trial

and was not available during the trial, and where the recanting occurred under circumstances free from suspicion of undue influence or pressure from any source, so that it is as reasonable to believe one of the statements under oath as the other. See Territory v. Claypool and Lueras, 11 N.M. 568, 71 P. 463; Hancock v. Beasley, 14 N.M. 239, 91 P. 735; State v. Padilla, 18 N.M. 573, 139 P. 143; Key v. State, 235 Ind. 172, 132 N.E.2d 143; Gathings v. State, Miss., 46 So.2d 800.

In the light of the foregoing the cause is remanded to the district court for the purpose of permitting defendant to file therein a motion for a new trial on the ground that the witness Points had recanted, and that without his testimony there is no substantial evidence supporting the verdict, with instructions to the court to pass thereon after hearing the said Points in connection therewith, all proceedings on this appeal being stayed for the time necessary to accomplish the same. If a new trial is granted such fact shall be certified to this Court and the appeal will be dismissed. If it is denied, the denial may be urged as error on the pending appeal if the defendant is so advised. Time to file briefs will be suspended pending ruling by the trial court on the matter remanded to it.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON, and CARMODY, JJ., concur.