351 P.2d 209

STATE of New Mexico, Plaintiff-Appellee,

v.

Michael FUENTES, Defendant-Appellant.

No. 6550.

Supreme Court of New Mexico.

April 5, 1960.

Blythe & Norvell, Clovis, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Boston E. Witt, Asst. Atty. Gen., Philip R. Ashby, Asst. Atty. Gen., for appellee.

CARMODY, Justice.

In State v. Fuentes, 1959, 66 N.M. 52, 342 P.2d 1080, we remanded the case to the trial court to permit the filing of a motion for a new trial. This appeal follows the denial of such motion.

Hearing was held in the district court in accordance with our direction, and the testimony of one witness was received. The witness, one Joseph Points, had been the only witness at the original trial whose testimony linked Fuentes with the commission of the crime charged. Incidentally, Points at the time of the hearing on the motion was and is now in the penitentiary under a jail breaking charge, and it is of interest to note that he has never been sentenced by the court following his plea of guilty to the charge in which he, by his testimony, involved the defendant here.

After the trial, under the circumstances as detailed in the opinion in State v. Fuentes, supra, Points, by affidavit, retracted his testimony as to Fuentes' participation in the crime. At the hearing on the motion, Points admitted that his original testimony was false as to Fuentes, just as he had theretofore stated in his affidavit. However, his oral testimony varied from the affidavit to the extent that he testified that another person, unnamed, had been his accomplice. His failure to tell the person's name apparently was the reason that the trial judge refused to order a new trial—this on the theory that the refusal to make full disclosure cast doubt upon his professing to tell the truth.

We fully appreciate the judge's dilemma. Was such a person as Points, an admitted perjurer, entitled to have his testimony believed when his thrice-told story varied considerably with each telling? However, this is not the actual issue involved. It is not a question of which story the judge himself believed to be true, but, rather, whether the defendant should have the right to have all of the testimony submitted to a jury in order that the jury might then determine his guilt or innocence. In the case as originally tried, the testimony stood unimpeached. It is now seriously questioned, and another jury would have the benefit of all the facts in order to arrive at a fair decision.

Our opinion in State v. Fuentes, supra, by Justice Moise, fully analyzes the authorities, both in New Mexico and elsewhere, with respect to the problem involved. Admittedly, there is an apparent conflict of authority on the question, but careful examination of the cases seems to disclose that the final determination is dependent upon the facts and circumstances in each

particular case. Without discussing the many authorities, it is merely noted that at least two of the cases cited in State v. Fuentes, supra, granted a new trial under circumstances very similar to those in the case at bar. See, Gathings v. State, Miss. 1950, 46 So.2d 800; and Key v. State, 1956, 235 Ind. 172, 132 N.E.2d 143. Also, compare People v. Shepherd, 1936, 14 Cal.App. 2d 513, 58 P.2d 970; and State v. Greeno, Mont.1959, 342 P.2d 1052.

■ The discretion of a trial court is not to be lightly interfered with as to the granting of a motion for new trial. Nevertheless, the facts in this case "fairly cry out" that in the interest of justice a new trial should be granted. Compare, Pettine v. Territory of New Mexico, 8 Cir., 1912, 201 F. 489; State v. Garcia, 1914, 19 N.M. 414, 143 P. 1012; and State v. Armijo, 1931, 35 N.M. 533, 2 P.2d 1075.

■ In announcing our conclusion in this case, we mean no relaxation of the rule relating to the granting of a new trial as heretofore announced by us. This decision is based upon the facts and circumstances of this case alone, and it should be particularly noted (1) that the original verdict was based upon the uncorroborated testimony of the accomplice; (2) that the recanting occurred under circumstances free from suspicion of undue influence or pressure from any source; (3) that the record fails to disclose any possibility of collusion between the defendant and the witness between the time of the trial and the retraction; and (4) that the witness admitted his perjury on the witness stand and thereby subjected himself to prosecution therefor

The above facts are actually in addition to those which are ordinarily considered necessary to warrant the granting of a new trial, which are:

That the newly discovered evidence:

1. Must have been discovered since the former trial.

2. Must be such as by reasonable diligence on the part of the defendant could not have been secured at the former trial.

3. Must be material in its object, and not merely cumulative, corroborative or collateral.

4. Must be such as ought to produce, on another trial, an opposite result on the merits, and

5. Must go to the merits of the case, and not merely impeach the character of a former witness.

See, Territory v. Claypool and Lueras, 1903, 11 N.M. 568, 71 P. 463; Hancock v. Beasley, 1907, 14 N.M. 239, 91 P. 735; State v. Padilla, 1914, 18 N.M. 573, 139 P. 143; and State v. Gonzales, 1914, 19 N. M. 467, 144 P. 1144.

It is our considered judgment that the refusal by the trial court to grant a new trial was error.

The case will be reversed with direction to the trial court to set aside its order denying the motion for a new trial and to grant the same, and, further, that the trial court fix such reasonable bond as it may determine necessary to guarantee the defendant's appearance at the new trial. It is so ordered.

MOISE and CHAVEZ, JJ., concur.

McGHEE, C. J., not participating.

COMPTON, J., dissenting.

COMPTON, Justice (dissenting).

The motion for a new trial was addressed to the sound discretion of the trial court. It was within the sole province of the trial court to make the decision, and we should not disturb that ruling unless the evidence of perjury before the trial court was so "clear and convincing * * * as to leave no room for doubt as to the existence of the evidence." State v. Fuentes, 66 N.M. 52, 342 P.2d 1080, 1084. Had Points testified forthrightly at the hearing on the motion, probably his recantment would have been entitled to great weight, but this he did not do. At the trial of Fuentes, he testified there was a third party present but would not give his name.

Testifying for Fuentes on the motion for rehearing, he swore the third party previously mentioned was not present but still another person was present. He also refused to name this person. In view of this evidence, the court was warranted in believing the witness Points was covering up for both of his accomplices, throwing suspicion of the guilt on a party or parties whom he knew the court could never reach.

Firmly believing the majority has reached the wrong conclusion in holding that the trial court has abused its sound judicial discretion in denying the motion, I dissent