441 P.2d 40

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Bill F. REECE, alias John Dalton, Defendant-Appellant.**

**No. 8498.**

Supreme Court of New Mexico.

May 20, 1968.

Albert T. Ussery, Juan G. Burciaga, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

MOISE, Justice.

This is an appeal from a denial of relief sought by appellant in a Rule 93 (§ 21–1–1 (93), N.M.S.A.1953) proceeding.

Petitioner, along with a co-defendant, pleaded guilty on January 15, 1958 to a charge of armed robbery. At the time of arraignment he was represented by counsel, and was closely questioned by the court to determine if his plea was intelligently entered, after consulting with his attorney, and without promises, threats or intimidation. His answers were to the effect that he had been advised of his rights by his attorney and that no promises or threats had been made in order to induce his plea of guilty.

The present motion was filed on January 27, 1967. In it petitioner sets forth numerous allegations of fact wherein it is claimed that his constitutional rights were infringed. It is sufficient for our purposes to merely notice those allegations wherein it is asserted that on January 2, 1958, when arrested by members of the Albuquerque police department, he was threatened with physical force and was not informed of the charges against him; that he was then locked in an unheated cell with a steel lattice bunk without mattress or blankets; that he was subjected to continuous harrassment by members of the police department, and while being questioned by a city detective whom he names in the petition, another detective aimed a cocked service revolver at petitioner from an adjoining room; that during two days following arrest he was fed nothing except some cottage cheese; that he was denied permission to contact legal counsel although he requested it, being informed by a named city detective that the "business of the robbery had to be cleared up" before he would be permitted to do so; that following this treatment he signed a statement suggested

by the police; that upon being transferred to the county jail he again requested permission to communicate with counsel, and was advised by a named member of the sheriff's staff that since a statement had been signed, counsel could not assist and, at the same time, was threatened with bodily harm by the officers; that counsel was thereafter appointed, but that only about five minutes were afforded for communicating with the attorney before being required to appear in court for arraignment; that upon being escorted into court by the sheriff and deputy previously named, petitioner was told by the deputy that if he did not plead guilty his "troubles were just starting."

Additional grounds, not deemed necessary for our decision, were enumerated. On March 23, 1967, without appointing counsel or affording petitioner a hearing, his motion was denied. Findings of fact and conclusions of law were entered in which it was found that when petitioner entered his plea of guilty on January 15, 1958, he was represented by counsel and he advised the court that his "plea was entered freely and voluntarily and without any promises, force, threats or coercion by anyone in authority," from which it was concluded that none of petitioner's constitutional rights had been infringed, and that the "motion, files and records" conclusively showed that petitioner was not entitled to any relief.

It is this action by the court in denying relief without appointing counsel or granting a hearing that is the principal basis for petitioner's argument on this appeal.

■ This appeal is controlled by what we said in State v. Franklin, 78 N.M. 127, 428 P.2d 982, 983 (1967), from which we quote the following:

"We think it appropriate to call attention to the fact that the Supreme Court of the United States in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, discussed the proper procedure for district courts under the provisions of 28 U.S.C.A., § 2255, from which our Rule 93 was patterned. That court pointed out that the federal statute requires a district court to 'grant a prompt hearing' when such a motion is filed, and to 'determine the issues and make findings of fact and conclusions of law with respect thereto' unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' *The court there went on to emphasize that where factual allegations relating primarily to purported occurrences outside of the courtroom put in issue matters upon which the record could cast no real light, the court must hold a hearing at which the prisoner is permited to offer evidence."* (Emphasis supplied.)

■ It should be evident that among claims made by petitioner are several concerning occurrences outside the record which, if true, would be grounds for vacating his sentence, and that these assertions could not be resolved without a hearing. Admittedly, these allegations conflict with the record made at the time of the arraignment. However, absent a hearing at which testimony is adduced, no method is available for determining the truth. The court erred in denying the motion without counsel and an evidentiary hearing. See State v. Buchanan, 78 N.M. 588, 435 P.2d 207 (1967), where the holding in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), followed by us in State v. Franklin, supra, was again applied. Compare State v. Fuentes, 67 N.M. 31, 351 P.2d 209 (1960), and 66 N.M. 52, 342 P.2d 1080 (1959).

No useful purpose would be served by considering or discussing petitioner's additional arguments. The order appealed from must be reversed and the cause remanded to the trial court with instructions to reinstate the cause on the docket and to promptly grant petitioner a hearing as provided in Rule 93 (§ 21–1–1(93), N.M.S.A. 1953). It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.