[No. 3179.   July 30, 1927.]

[Rehearing Denied March 8, 1929.   Second Motion for Rehearing Denied January 23, 1930.]

STATE v. MERSFELDER et al.

[284 Pac. 113.]

Fitzhugh & Fitzhugh, of Clovis, and Sam G. Bratton, of Albuquerque, for appellants.

M. A. Otero, Atty. Gen., R. C. Dow, former Atty. Gen., E. C. Warful, Asst. Atty. Gen., and F. H. Patton, former Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

PARKER, C. J. The defendants were convicted of burglary and sentenced to the penitentiary, from which judgment they have appealed. The crime is alleged and proven to have been committed November 19, 1921. The indictment was returned October 6, 1925, the same being 3 years, 10 months, and 17 days after the commission of the crime. In order to toll the statute, the indictment alleged:

"That after they, the said Sam Mersfelder and Jack Sharp, did unlawfully, feloniously, and fraudulently enter the said dwelling house of the said Henry Garzina, as aforesaid, and had taken, stolen, and carried away the property, goods, and chattels of the said Henry Garzina, as aforesaid, the said Sam Mersfelder and Jack Sharp went out of the state of New Mexico, and the said Sam Mersfelder was not thereafter usually and publicly a resident of the state of New Mexico, for periods of time aggregating two years since the said 19th day of November, in the year of our Lord 1921; and the said Jack Sharp was not usually and publicly a resident of the state of New Mexico at any time since the said 19th day of November, in the year of our Lord 1921."

Counsel for Mersfelder argued that there is no substantial evidence in the record showing that he was not a resident of the state for a sufficient length of time to toll the statute of limitations of three years (section 3369, Code 1915). There is some evidence to the effect that this defendant ran a domino parlor in Amarillo, Tex., for about two months in the spring of 1925, but the statute of limitation had run at that time. The remainder of the evidence for the state on this point is so indefinite and uncertain as to fall far short of being substantial. The motion for a directed verdict in his favor should have been granted, and it was error to refuse it.

In behalf of the defendant Sharp, a different question is presented. The indictment charges both de-

fendants as principals. It is urged that there is no evidence in the record showing that Sharp was present, either actually or constructively, at the commission of the crime. It appears that five persons, including Sharp, left the house of one Hyatt and drove two trucks and one Ford car to within 300 or 400 yards of the house which was burglarized, Sharp riding in the Ford car with two other persons down closer to the house. It is shown by direct evidence that Sharp was not at the scene of the burglary, did not enter the house, did not participate in the carrying away of the loot, or its distribution among the conspirators. It is shown, however, that one of the three persons arriving in the Ford car was actually present at the burglary, leaving Sharp and one other in the Ford. The Ford stopped at a gate not far from the house, to which point the owner of the house and his son arrived in an automobile. The two in the Ford were armed and alighted from the Ford, and overpowered the owner and his son, and held them under arrest during the time the burglary was committed. This would seem sufficient to establish the constructive presence of Sharp at the crime and make him a principal. At the close of the case for the state, counsel for Sharp moved for an instructed verdict on the ground that it was not shown that he had broken and entered the house. This motion was properly overruled, as before shown, he being constructively present and participating in the common design.

■ Counsel urges that the prosecution against Sharp was illegal for the reason that the indictment was found by a grand jury of 12 persons, as is provided by constitutional amendment to section 14, of article 2, of the Constitution (see Laws 1923, p. 351), effective January 1, 1925, the crime having been committed prior thereto. We have recently examined this question in State v. Kavanaugh (No. 3115), 32 N. M. 404, 258 P. 209, and have held that this is no objection to the proceeding.

■ Counsel for Sharp argues that the court erroneously gave two instruction, Nos. 8 and 9, and refused to give requested instructions Nos. 1 and 2, in lieu thereof. The argument may be disposed of by simply saying that the court's instructions were correct, and the requested instructions were erroneous.

█ Complaint is made of the argument to the jury by the special prosecutor assisting the district attorney. The record shows that the argument was within the record except in one particular, and in that particular the statement was itself withdrawn with an apology to the jury by the speaker. We see no error in the incident.

█ Counsel complains that the state failed to show the absence of Sharp from the state so as to toll the statute of limitations, but the record fails to support the contention.

From all of the foregoing it follows that the judgment as to Sharp should be affirmed, and as to Mersfelder it is erroneous, and should be reversed, and the cause remanded, with directions to set the same aside and discharge the defendant, and it is so ordered.

BICKLEY and WATSON, JJ., concur.

## ON SECOND MOTION FOR REHEARING

WATSON, J. On March 8, 1929, we denied appellant Sharp's first motion for rehearing in this cause, without opinion. Some time thereafter, upon leave granted, this second motion for rehearing was filed by counsel who did not participate in the trial, who appeared for appellant Mersfelder only on the appeal, and who has been newly employed by appellant Sharp.

The present motion is in no wise concerned with anything heretofore decided. It is based entirely upon certain misconduct claimed to have affected the deliberations of the jury and to have vitiated its verdict. It is claimed that, at about the time the case was given to the jury, news came of the sudden death of a child of one of the jurors; that a bailiff, unnamed, communicated the fact to the juror; and that, while the juror did not believe appellant Sharp guilty, and stood out for a number of hours, he was finally overcome by his anxiety to get released from the service and go to his home, and not only consented himself to a conviction, but persuaded two fellow jurors, through sympathy with his affliction, to bring about a verdict. The showing made is the affidavits of the three jurors, and of another juror, who, while not

claiming to have been influenced, says that the others were. In addition, there is an affidavit of the district attorney and a statement by the trial judge.

The eminent counsel who sponsors this motion does not overlook the general rule, well established in this jurisdiction, that the affidavits of jurors cannot be received to impeach their verdict. See Goldenberg v. Law, 17 N. M. 546, 131 P. 499; State v. Taylor, 26 N. M. 429, 194 P. 368; State v. Analla, 34 N. M. 22, 276 P. 291. He does not seriously contend that we may receive the statements of jurors to show the motives which actuated them in agreeing upon a verdict, or that they agreed contrary to their convictions. He does argue, however, that the affidavits of these jurors may be received to show the misconduct of the bailiff, and that such misconduct in fact appears from the statement of the judge, even if the affidavits of the jurors were entirely disregarded. He contends that the information shown to have been communicated to the juror, having a natural tendency to distract him and render him unfit for deliberation, itself renders the resulting verdict illegal.

Neither does the counsel overlook the fact that the question here presented is one which, in due course of judicial procedure, should have 'been presented to the trial court by motion for new trial. He urges, however, that, as the verdict is shown to have been illegal, he is in a position to invoke the inherent power of this court to protect the fundamental rights of an accused person, citing State v. Garcia, 19 N. M. 420, 143 P. 1012, and the line of decisions originating therein.

We need not consider these contentions. To do so would be unavailing. There is a fatal weakness in the showing made. The change of counsel is the only excuse offered for the failure to present this question in some manner to the trial court. Assuming that upon a proper showing this court might exercise the extraordinary power here invoked, manifestly we should do so only upon the fullest showing of diligence and good faith. For aught that appears here, appellant and his then counsel may have known of the circumstance here brought to our at-

tention before the verdict was returned. We can hardly doubt that they knew of it in time to have moved for a new trial in the district court. If they did know of it before the verdict was returned, and failed to bring it to the attention of the trial court, speculating upon the verdict, they could not now be heard to complain. State v. Merritt, 34 N. M. 6, 275 P. 770.

The present motion amounts to a motion for new trial made originally in this court. It is not our function to hear such motions. Ortega v. Ortega, 33 N. M. 605, 273 P. 925. If under any circumstances we should assume the power, it must be upon a showing of necessity and of the impossibility of securing the relief in the regular course. This is not such a case. The principles thus well established are dictated by sound public policy, and by a due regard to the distinct functions of court and jury, of trial and appellate courts, and of the distinction between preserving and enforcing the legal rights of an accused person, and extending clemency to him. To deviate from these principles would open the door to abuse. We need not, and do not now, hold that these principles can in no case be relaxed. We are constrained to hold that they cannot be yielded upon the present showing.

The motion must be overruled.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.