[No. 3243.   March 8, 1929.]

STATE v. KIDD.

[278 Pac. 214.]

Thomas V. Truder, of East Las Vegas, and H. E. Blattman, of Las Vegas, for appellant.

Robert C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

WATSON, J.   Appellant was convicted upon an indictment charging him and others with the crime of burglary.

The victim of this crime was returning with his son from town in the evening.   The two were overpowered and bound.   Thereupon the burglars entered his home, near by, bound the occupants, and removed a considerable amount of intoxicating liquor.

Appellant's first contention is that the verdict is contrary to the law and the evidence.   This is based upon the claim that the only evidence connecting appellant with the crime was furnished by an accomplice, and that this witness had a criminal record independent of his connection with the present transaction.   Of course, these facts

cast discredit upon the witness, and the jury, had it seen fit, might have disregarded his testimony. The verdict compels the assumption that it was believed. The uncorroborated testimony of an accomplice is sufficient in law to support a verdict. Territory v. Kinney, 3 N. M. 143, 2 P. 357. It is not within our province to disturb the verdict on this ground.

It is also contended that the court erred in overruling appellant's motion for a directed verdict. Appellant was indicted as a principal. He did not actually participate in the breaking and entering, or in removing the booty. It is contended that the proof is insufficient to show that he was constructively present, aiding and abetting. According to the evidence, he aided in the conspiracy with advice and suggestion, appeared near the scene of the burglary to advise his confederates that the victim and his son were in town, was within a few hundred yards of the scene after the holdup and before the burglary, met his confederates a few miles from the scene of the crime, and received a share of the booty, and assisted them in making their escape. This, we think, was sufficient. State v. Mersfelder et al., 34 N. M. ___, 284 P. 113.

Appellant also objects to the overruling of his plea in abatement, which was an attack upon the grand jury panel.

It seems that, in binding the list of male voters required by Laws 1921, c. 3 § 1, the clerk's certificate became placed ahead of that part of the list including the voters in precinct No. 19. We do not think that, in the absence of fraud, errors of this kind invalidate the proceedings.

Appellant points out several failures to comply with chapter 131, Laws 1923, overlooking the fact that this court has declared that chapter unconstitutional. State v. Candelaria, 28 N. M. 573, 215 P. 816.

Finding no error, we affirm the judgment.

It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.