[No. 3456.   Jan. 23, 1930.]

STATE v. CHITWOOD

[285 Pac. 499.]

James A. Hall, of Clovis, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

SIMMS, J.

Appellant Chitwood, together with Addington and Stanton, were jointly informed against for larceny of wheat. Two or three days before the time set for trial, appellant fled to Minnesota, from whence he voluntarily returned and gave himself up. Pending the case, Stanton was convicted of stealing an automobile and was sent to the penitentiary, from which he was brought to testify for the state against Chitwood. Both Chitwood and Addington denied that Chitwood had anything to do with the crime. They were both convicted of the larceny charged, and Stanton subsequently pleaded guilty and was sentenced to the penitentiary, as was also the appellant.

Appellant says that while we have repeatedly held that a conviction may be had in this state upon the uncor-

roborated testimony of an accomplice, yet the particular facts of this case should take it out of that rule. He points out that Stanton, when first placed in jail, stated that appellant had nothing to do with the larceny, but later, when told that appellant had made disparaging remarks about his (Stanton's) father, turned against appellant and for purposes of revenge sought to implicate him in the felony. He further contends that Stanton has a long criminal record of thefts, forgeries, and other crimes, and being now a convict under a plea of guilty to automobile theft, is entirely unworth of belief. We cannot agree with appellant's contention. The question of the credibility of Stanton, as bad as his record was, is one for the jury, and since they have elected to believe him and disbelieve appellant and Addington, we cannot say as a matter of law that there is no evidence to sustain the conviction. Territory v. Kinney, 3 N. M. 143, 2 P. 357; State v. Kidd, 34 N. M. 84, 278 P. 214.

■ Appellant next complains of the admission of certain evidence over his objection. The theory of the state in this case was that appellant, who owned the truck, had gotten the two young men to operate it and to make nightly raids on the granaries of the community, and that he knew of their actions and participated in the proceeds of the various thefts, among them being the one upon which the information was founded. Appellant contended that he was innocent of any such participation or knowledge, and that he thought the boys were using the truck for riding around with their friends. It thus became material to find out whether or not appellant was a party to a course of conduct or scheme which, if proven, would serve to disprove appellant's claim that he had no guilty knowledge. The state offered testimony by Stanton, an accomplice, to the effect that appellant had gone with him on an occasion prior to the one charged by the information and had helped him steal and carry away the wheat, and that he had divided the proceeds of the larceny after the money was received. The court permitted the testimony to go to the jury over appellant's objection. There is no error here. The proof was competent as tending to show guilty knowledge of a scheme or course of conduct, and

to negative the claim of lack of knowledge. State v. Graves, 21 N. M. 556, 157 P. 160; State v. Starr, 24 N. M. 180, 173 P. 674; Corpus Juris, Criminal Law, par. 1136-1140. See, also, Territory v. West, 14 N. M. 546, 99 P. 343.

Finding no error, the judgment should be affirmed, and it is so ordered.

· WATSON and PARKER, JJ., concur.

BICKLEY, C. J., and CATRON, J., did not partici-' pate.