378 P.2d 135

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joseph Lana OLIVER, Defendant-Appellant.**

No. 7085.

Supreme Court of New Mexico.

Jan. 25, 1963.

Earl E. Hartley, Atty. Gen., William E. Snead and George R. Schmitt, Asst. Attys. Gen., Santa Fe, for appellee.

Chavez & Cowper, Belen, for appellant.

COMPTON, Chief Justice.

The defendant was convicted by a jury of Valencia County of the crime of escape from prison and he appeals.

An information was filed by the district attorney February 1, 1960 charging the defendant with having escaped from the New Mexico State Penitentiary on September 17, 1956, some 3 years, 4 months and 14 days prior to the filing of the information. To the charge he interposed a plea of not guilty.

The decisive question on appeal is whether the state has sustained the burden of showing that appellant was absent from the

state, or concealed himself therein, for a sufficient length of time to toll the three-year statute of limitations.

The pertinent provisions of the applicable statutes read:

"No person shall hereafter be prosecuted, tried or punished in any court of this state, unless the indictment shall be found, or information filed therefor as hereinafter limited and provided.

\*    \*    \*    \*    \*    \*

"Third.  For perjury, forgery, or other felony, except the offenses above mentioned, within three [3] years from the time the offense was committed." (Section 41–9–1, 1953 Comp.)

"If after any offense is committed, the defendant shall flee from, or go out of the state, or shall conceal himself or herself within it, the prosecution may be commenced within the time above prescribed, after the defendant coming into the state, or ceasing to conceal himself or herself.  And no period when the party charged with any offense, is not usually and publicly a resident within the state, shall be included in the time of limitation." (Section 41–9–2, 1953 Comp.)

Our review discloses that on September 17, 1956, while appellant was confined as a prisoner at the State Penitentiary Farm at Los Lunas, a count of prisoners on the evening of that day showed him missing. Local officers, state police and the warden of the penitentiary were immediately called in and aided in a search which extended throughout that night.  The appellant was not found and the search was called off the next day about midmorning.  Thereafter, on January 24, 1960, he was found in Oklahoma and returned to the New Mexico State Penitentiary.  There is not one word of evidence tending to show his whereabouts from the time of his escape September 17, 1956 until he was apprehended in Oklahoma January 24, 1960.  The plea of not guilty put in issue the statute of limitations and the evidence on this issue falls far short of being substantial.

At the conclusion of the state's case, the appellant moved for a directed verdict on the grounds that the three-year statute of limitations was a bar to the prosecution. We consider appellant's position unassailable; a verdict of not guilty should have been directed.  Compare State v. Mersfelder, 34 N.M. 465, 284 P. 113; State v. Rodman, 44 N.M. 162, 99 P.2d 711.

The judgment should be reversed and IT IS SO ORDERED.

CARMODY and NOBLE, JJ., concur.

CHAVEZ and MOISE, JJ., not participating.