This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40369**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**DANTE SHAMAR FOSSETT,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from his judgment and sentence convicting him for trafficking a controlled substance, conspiracy to commit trafficking, two counts of contributing to the delinquency of a minor, possession of a controlled substance (methamphetamine), and possession of a firearm by a felon. We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** Our notice of proposed disposition proposed to affirm because sufficient evidence supported Defendant's convictions. [CN 7] In his memorandum in opposition, Defendant acknowledges the testimony that was identified in our notice of proposed disposition and that supports Defendant's convictions for trafficking a controlled substance [MIO 2-3], conspiracy to commit trafficking [MIO 3], and two counts of contributing to the delinquency of a minor [MIO 1, 3]. Defendant asserts, however, that the testimony was not evidence that a reasonable person would consider adequate to uphold a conviction because "accomplice testimony is problematic and should be viewed with caution." [MIO 10]

**{3}** "[T]he rule in this jurisdiction is that a defendant may be convicted on the uncorroborated testimony of an accomplice." *State v. Gutierrez*, 1965-NMSC-143, ¶ 4, 75 N.M. 580, 408 P.2d 503; *see also State v. Kidd*, 1929-NMSC-025, ¶ 3, 34 N.M. 84, 278 P. 214 ("The uncorroborated testimony of an accomplice is sufficient in law to support a verdict."). As there is New Mexico Supreme Court precedent specifically acknowledging that a conviction based on accomplice testimony—such as Defendant's convictions—can be valid, this Court is in no position to limit or abrogate that precedent. *See State v. Montoya*, 2016-NMCA-098, ¶¶ 23-24, 384 P.3d 1114 (refusing to depart from precedent establishing that a defendant may be convicted on the uncorroborated testimony of an accomplice when faced with defendant's argument that conviction based on testimony of codefendants was unsupported by substantial evidence); *see also Alexander v. Delgado*, 1973-NMSC-030, ¶¶ 8-10, 12, 14-15, 84 N.M. 717, 507 P.2d 778 (holding that the New Mexico Court of Appeals is bound by, and may not overrule or deviate from, New Mexico Supreme Court precedent). Defendant acknowledges that precedent, and asks that we certify this case to the Supreme Court to revisit the concepts set forth in *Kidd*, *Gutierrez*, and their progeny. [MIO 8, 11] "[W]e ordinarily do not certify an issue to our Supreme Court for reconsideration of an earlier case unless subsequent legislation, decisions of the New Mexico Supreme Court, or decisions of the United States Supreme Court place in question the underpinnings of the decision being challenged." *State v. Bencomo*, 1990-NMCA-028, ¶ 9, 109 N.M. 724, 790 P.2d 521. Having failed to cite any decisions from the New Mexico Supreme Court or the United States Supreme Court to indicate *Gutierrez* and its progeny should be reconsidered, Defendant has not demonstrated that certification is warranted here. We therefore decline Defendant's invitation to dispense with the normal appellate process by certifying this case to the Supreme Court. As always, Defendant can raise his arguments in the Supreme Court by petition for writ of certiorari.

**{4}** As for Defendant's challenge to the sufficiency of the evidence to support his convictions, given the existence of controlling precedent and the fact that Defendant continues to rely on the facts set forth in the docketing statement and addressed in our notice of proposed disposition, we do not further address Defendant's argument. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. [MIO 12]

**{5}** Based on the foregoing, and for the reasons stated in our notice of proposed disposition, we affirm Defendant's convictions and direct him to the Rules of Appellate procedure to seek review with the Supreme Court.

**{6}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**