This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41394**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**CORY CAIN COBLE-RAMIREZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Eric Orona, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief

in chief, answer brief, and reply brief, we reverse in part and affirm in part for the following reasons.

{2}     Defendant appeals his convictions for one count of armed robbery, one count of aggravated burglary with a deadly weapon, one count of conspiracy to commit aggravated burglary with a deadly weapon, two counts of aggravated battery with a deadly weapon, and two counts of burglary of a vehicle, following a jury trial. [2 RP 386-93] On appeal, Defendant challenges the sufficiency of the jury's findings regarding the firearm enhancement that was applied to four of his convictions [BIC 8-14], as well as the State's reliance on accomplice testimony [BIC 14-23], and argues that his convictions for armed robbery and one count of burglary of a vehicle are a violation of double jeopardy [BIC 23-27]. We address each issue in turn.

{3}     Defendant first argues that the firearm enhancement was improperly applied to his convictions for armed robbery, aggravated burglary, and aggravated battery with a deadly weapon because the jury failed to make a separate finding of fact as to the brandishing of a firearm. [BIC 8-14] We agree.

{4}     Pursuant to NMSA 1978, Section 31-18-16(A) (2020), "[w]hen a separate finding of fact by the court or jury shows that a firearm was brandished in the commission of a noncapital felony, the basic sentence of imprisonment prescribed for the offense . . . shall be increased by three years." Section 31-18-16(C) prescribes the procedure to be followed in order to secure this requisite separate finding of fact by the jury: "If the case is tried before a jury and if a prima facie case has been established showing that a firearm was brandished in the commission of the offense, the court *shall* submit the issue to the jury by special interrogatory." *Id.* (emphasis added).

{5}     We determine that enhancement of Defendant's base sentences was improper here for two reasons. First, the record indicates that the district court did not submit the issue to the jury by special interrogatory in order to establish a separate finding of fact that "a firearm was brandished in the commission" of the armed robbery, aggravated burglary, and aggravated batteries. Rather, the district court asked the jury to consider whether they found beyond a reasonable doubt that Defendant committed these crimes "with the use of a firearm." [2 RP 380-81] This is insufficient pursuant to the procedure clearly mandated by Section 31-18-16(C). *See* UJI 14-6013 NMRA comm. cmt. (stating that "[t]his instruction, together with the special interrogatory, UJI 14-6014 [NMRA], is required by Section 31-18-16"); *see also State v. Duran*, 1977-NMCA-099, ¶ 10, 91 N.M. 38, 570 P.2d 39 (reversing application of a firearm enhancement because "the jury did not make a separate finding of fact as to use of a firearm" contrary to an earlier version of Section 31-18-16).

{6}     Further, we conclude that the determination by the jury that the State proved that "Defendant used a firearm" does not equate with the separate and a more specific finding that Defendant "brandished" a firearm. *See* § 31-18-16(D) (explaining that "'brandished' means displaying or making a firearm known to another person while the firearm is present on the person of the offending party with intent to intimidate or injure a

person"); *State v. Zachariah G.*, 2021-NMCA-036, ¶ 14, 495 P.3d 537 ("'Use' means, among other things, to carry out a purpose or action by means of, to make instrumental to an end or process, and to apply to advantage." (internal quotation marks omitted)); *see also State v. Frawley*, 2007-NMSC-057, ¶ 23, 143 N.M. 7, 172 P.3d 144 (recognizing that "the Sixth Amendment is violated *any time* a defendant is sentenced above what is authorized *solely* by the jury's verdict alone"), *superseded by statute as stated in State v. Quintana*, 2021-NMSC-013, 485 P.3d 215.

{7}     Next, Defendant challenges the State's reliance on accomplice testimony in support of his convictions. [BIC 14-23] We are unpersuaded. We first note, as do the parties in the briefing, that our law is well-settled on the propriety of basing a conviction on uncorroborated testimony of an accomplice. *See State v. Gutierrez*, 1965-NMSC-143, ¶ 4, 75 N.M. 580, 408 P.2d 503 ("[T]he rule in [New Mexico] is that a defendant may be convicted on the uncorroborated testimony of an accomplice."); *see also State v. Kidd*, 1929-NMSC-025, ¶ 3, 34 N.M. 84, 278 P. 214. ("The uncorroborated testimony of an accomplice is sufficient in law to support a verdict."). We are obligated to follow this clear precedent. *See State v. Mares*, 2024-NMSC-002, ¶ 31, 543 P.3d 1198 ("[T]he Court of Appeals is bound by our precedent that directly controls an issue.").

{8}     Additionally, we disagree with Defendant's characterization of the testimony of his two accomplices as uncorroborated in light of the Victims' testimony and the ski mask discovered in a nearby alley containing Defendant's DNA. [BIC 15; AB 16-17] As a result, we decline Defendant's invitation to certify the issue to the Supreme Court for its consideration. *See* NMSA 1978, § 34-5-14(C) (1972) (explaining that the Supreme Court may certify an action to the Court if the matter involves "(1) a significant question of law under the constitution of the New Mexico or the United States; or (2) an issue of substantial public interest that should be determined by the supreme court").

{9}     Lastly, we address Defendant's argument that his convictions for armed robbery of the key fob for the Hyundai and one count of burglary of the Hyundai itself violate double jeopardy. [BIC 23-27] Defendant's challenge falls into the category of "double description" cases, where "a defendant is charged with violations of multiple statutes for the same conduct." *See State v. DeGraff*, 2006-NMSC-011, ¶ 25, 139 N.M. 211, 131 P.3d 61 (internal quotation marks and citation omitted). For "double description" cases, we apply a two-part test, which requires us to consider: (1) whether the conduct is unitary, and (2) if so, whether the Legislature intended to punish the offenses separately. *See State v. Silvas*, 2015-NMSC-006, ¶ 9, 343 P.3d 616. "Only if the first part of the test is answered in the affirmative, and the second in the negative, will the double jeopardy clause prohibit multiple punishment in the same trial." *Id.* (internal quotation marks and citation omitted).

{10}    "When determining whether [a d]efendant's conduct was unitary, we consider whether [a d]efendant's acts are separated by sufficient indicia of distinctness." *DeGraff*, 2006-NMSC-011, ¶ 27 (internal quotation marks and citation omitted). "Conduct is unitary when not sufficiently separated by time or place, and the object and result or quality and nature of the acts cannot be distinguished." *Silvas*, 2015-NMSC-006,

¶ 10. Additionally, "[i]n our consideration of whether conduct is unitary, we have looked for an identifiable point at which one of the charged crimes had been completed and the other not yet committed." *DeGraff*, 2006-NMSC-011, ¶ 27. "Distinctness may also be established by the existence of an intervening event, the defendant's intent as evinced by his or her conduct and utterances, the number of victims, and the behavior of the defendant between acts." *State v. Barrera*, 2001-NMSC-014, ¶ 36, 130 N.M. 227, 22 P.3d 1177 (internal quotation marks and citation omitted). This Court also looks to "the elements of the charged offenses, the facts presented at trial, and the instructions given to the jury" to aid in our analysis. *State v. Sena*, 2020-NMSC-011, ¶ 46, 470 P.3d 227; *see also DeGraff*, 2006-NMSC-011, ¶¶ 28-30 (considering the statutory definition of the crime, the instructions given to the jury, and the evidence presented at trial).

**{11}** The jury instructions for armed robbery required the State to prove beyond a reasonable doubt that Defendant "took and carried away a[n] automobile key, from [Victims] or from their immediate control intending to permanently deprive [Victims] of the key" and that Defendant "took the key by force or violence or threaten force of violence." [1 RP 172] By contrast, the jury instructions for burglary required the State to prove beyond a reasonable doubt that Defendant "entered a vehicle, a Hyundai Sedan, without authorization" and that he "entered the vehicle with the intent to commit a theft when inside." [1 RP 179] Both instructions reference the events that took place on July 25, 2021. [1 RP 172, 179]

**{12}** According to the parties, evidence was presented at trial that Defendant and one of his accomplices entered the residence to rob Victims because they didn't have money to purchase illegal drugs. [BIC 5-6; AB 3] While inside and armed with firearms, the two men physically attacked Victims while demanding money, drugs, and guns, before taking the key fob to the Hyundai. [BIC 4; AB 1, 5, 20] The two men then left the residence and broke into Victims' three vehicles parked outside, including the Hyundai, in a further search of money, drugs, and/or guns. [BIC 27; AB 1, 6, 20]

**{13}** We conclude that the evidence establishes that the armed robbery of the key fob from Victims inside the residence was completed prior to the commencement of the burglary of the Hyundai parked outside. *See DeGraff*, 2006-NMSC-011, ¶ 27. Additionally, we determine that both crimes were separated by an intervening event— the departure from the residence—as well as separate and distinct intentions—to permanently deprive Victims of the key fob and to commit additional theft within the Hyundai. *See id.* ¶ 30; *Barrera*, 2001-NMSC-014, ¶ 36. Accordingly, we hold that Defendant's conduct underlying his two convictions was not unitary and his double jeopardy rights were not violated as a result.

**{14}** For these reasons, we affirm Defendant's convictions, vacate the firearm enhancements, and remand for further proceedings consistent with this opinion.

**{15}  IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**