The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: July 6, 2023**

**No. S-1-SC-39217**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.

**LEISHA HENDERSON,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Britt M. Baca-Miller, District Judge**

Hector H. Baldereas, Attorney General
Meryl Francolini, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**DISPOSITIONAL ORDER OF REVERSAL**

**PER CURIAM.**

{1}     WHEREAS, this matter came before the Court upon the State's appeal of the district court's partial grant of Defendant's amended petition for writ of habeas corpus, *see* Rule 5-802(N)(1) NMRA ("[I]f the writ [of habeas corpus] is granted, the state may appeal as of right under the Rules of Appellate Procedure.");

{2}     WHEREAS, Defendant was indicted by a grand jury on charges of first degree child abuse (causing great bodily harm) contrary to NMSA 1978, Section 30-6-1(D), (E) (2009), first degree kidnapping (inflicting physical injury) contrary to NMSA 1978, Section 30-4-1(2003), aggravated battery contrary to NMSA 1978, Section 30-3-5(A), (C) (1969), and aggravated assault contrary to NMSA 1978, Section 30-3-2(A) (1963), arising from an attack on her eight-year-old son;

{3}     WHEREAS, Defendant entered into a plea and disposition agreement in which she agreed to plead no contest to (1) second degree kidnapping, (2) third degree intentional child abuse (not resulting in death or great bodily harm), and (3) second degree attempt to commit intentional child abuse (resulting in great bodily harm);

{4}     WHEREAS, Defendant was sentenced to a term of twenty-one years, of which nine years were suspended;

{5}     WHEREAS, Defendant subsequently filed an amended petition for writ of habeas corpus asserting as grounds for relief, (1) "[i]neffective assistance of

counsel," (2) "[i]nsufficiency of the evidence to support the plea agreement and resulting sentence, where the charge of kidnapping was based on incidental restraint . . . in violation of the holding of *State v. Trujillo*, 2012-NMCA-112, 289 P.3d 238," or in the alternative, violation of the prohibition on double jeopardy arising from the kidnapping and child abuse convictions, and (3) "[r]acial disproportionality in the grand jury proceedings";

{6}     WHEREAS, the district court ordered that an evidentiary hearing be held on Defendant's amended petition for writ of habeas corpus;

{7}     WHEREAS, the district court limited the evidentiary hearing to submissions on the issue of whether Defendant received ineffective assistance of counsel as a result of trial counsel's decision to pursue an involuntary intoxication defense and/or trial counsel's failure to contest specific intent with respect to the charge of intentional child abuse;

{8}     WHEREAS, the district court partially granted Defendant's amended petition for writ of habeas corpus on the alternative ground that "trial counsel provided deficient performance in failing to challenge the kidnapping charge [pursuant to *State v. Trujillo*, 2012-NMCA-112] and in advising [Defendant] to plea[d] to [the] charge";

{9}     WHEREAS, to prevail on an ineffective assistance of counsel claim arising

3

upon a plea agreement, Defendant must demonstrate that trial counsel's performance was deficient and that defendant suffered prejudice as a result of trial counsel's deficient performance, *see State v. Hunter*, 2006-NMSC-043, ¶ 12, 140 N.M. 406, 143 P.3d 168;

{10} WHEREAS, to establish deficient performance arising from trial counsel's failure to challenge the charge of kidnapping pursuant to *State v. Trujillo*, 2012-NMCA-112, Defendant must demonstrate that trial counsel's performance fell below that of a reasonably competent attorney, *see Patterson v. LeMaster*, 2001-NMSC-013, ¶ 17, 130 N.M. 179, 21 P.3d 1032, *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 16, 478 P.3d 880;

{11} WHEREAS, to establish prejudice arising from trial counsel's deficient performance, Defendant must demonstrate that, but for trial counsel's performance, there is a reasonable probability that she would have gone to trial instead of pleading no contest to the charges, *see Patterson*, 2001-NMSC-013, ¶ 18;

{12} WHEREAS, by limiting the evidentiary hearing, the district court did not afford the parties an opportunity to submit evidence on whether trial counsel in fact advised Defendant of the possibility that she could challenge the charge of kidnapping pursuant to *State v. Trujillo*, 2012-NMCA-112, or, if counsel did not so advise Defendant, whether trial counsel failed to identify the issue, made a strategic

4

decision not to challenge the charge of kidnapping, or determined that a challenge pursuant to *Trujillo* would not have been successful, *see Lytle v. Jordan*, 2001-NMSC-016, ¶ 26, 130 N.M. 198, 22 P.3d 666 ("A prima facie case for ineffective assistance of counsel is not made if there is a plausible, rational strategy or tactic to explain the counsel's conduct." (internal quotation marks and citation omitted)); *State v. Reece*, 1968-NMSC-080, ¶ 7, 79 N.M. 142, 441 P.2d 40 (stating that, where claims for relief made by a habeas petitioner depend upon occurrences outside the record, the district court errs by failing to hold an evidentiary hearing to resolve them);

{13} WHEREAS, by limiting the evidentiary hearing, the district court did not afford the parties an opportunity to submit evidence on the issue of whether trial counsel's failure to challenge the charge of kidnapping prejudiced Defendant, *see Patterson*, 2001-NMSC-013, ¶ 29 ("Because courts are reluctant to rely solely on the self-serving statements of defendants, which are often made after they have been convicted and sentenced, a defendant is generally required to adduce additional evidence to prove that there is a reasonable probability that [the defendant] would have gone to trial.");

{14} WHEREAS, the district court's oral ruling limiting the evidentiary hearing failed to indicate a sufficient basis for such limitation, *see* Rule 5-802(H)(4); *Miller*

5

*v. Tafoya*, 2003-NMSC-025, ¶ 13, 134 N.M. 335, 76 P.3d 1092;

{15} WHEREAS, the district court's order partially granting Defendant's amended petition for writ of habeas corpus does not adequately identify the basis of the court's determinations that (1) trial counsel provided deficient performance in failing to challenge the charge of kidnapping and (2) Defendant suffered prejudice as a result of trial counsel's deficient performance;

{16} WHEREAS, this Court having considered the briefs and being otherwise fully informed on the issues and applicable law;

{17} WHEREAS, this Court has chosen to exercise its discretion under Rule 12-405(B) to dispose of this case by nonprecedential order;

{18} NOW, THEREFORE, IT IS ORDERED that the district court's order partially granting Defendant's amended petition for writ of habeas corpus is reversed and that this matter is remanded to the district court for an evidentiary hearing on all issues raised in Defendant's amended petition requiring the submission of evidence or testimony for their proper resolution.

{19} **IT IS SO ORDERED.**

_____

**C. SHANNON BACON, Chief Justice**

6

 

**MICHAEL E. VIGIL, Justice**

 

**DAVID K. THOMSON, Justice**

 

**JULIE J. VARGAS, Justice**

 

**BRIANA H. ZAMORA, Justice**